IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kevin Wayne McDaniels, #14256-171, | ) | C/A No.: 1:12-975-TLW-SVH |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

      Petitioner Kevin Wayne McDaniels ("Petitioner") is an inmate at Federal Correctional Institution ("FCI") Williamsburg who has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual Background

      Petitioner is presently serving federal and state sentences at FCI-Williamsburg. [Entry #1 at 2]. The undersigned takes judicial notice of the fact that Petitioner has another § 2254 petition currently pending in this court: *McDaniel v. Owen*, C/A No. 1:12-642-SVH-TLW ("*McDaniels I*"). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[T]he most frequent use of judicial notice of ascertainable facts is

in noticing the content of court records.'"). The undersigned entered a report and recommendation in *McDaniels I* on April 4, 2012 [*McDaniels I* at Entry #10], the same day Petitioner submitted the instant petition to the inmate mail system at FCI-Williamsburg to open this case. [Entry #1-8 at 2]. *See also Houston v. Lack*, 487 U.S. 266 (1988) (date of filing for prisoners is date pleading is placed in the prison mail system for transmittal to the court). The report and recommendation in *McDaniels I* recommends that the petition in that case be summarily dismissed without prejudice for lack of complete exhaustion of state court remedies because it does not appear that Petitioner appealed the dismissal of his post-conviction relief applications to the state's highest court. *McDaniels I*, Entry #10 at 4–5. Petitioner filed objections to the report and recommendation and the matter is currently pending consideration by the district judge. *McDaniels I* at Entry #12.

The current petition is nearly identical to that in *McDaniels I*. The only notable difference between the two is that in the instant petition, Petitioner refers to a previously-filed federal § 2254 petition submitted to the "U.S. District Court-Spartanburg District." He alleges that the court in that case "never responded back." [Entry #1 at 4]. Petitioner does not provide a case number for his previously-filed petition, but review of the court's docket reveals that the petition in *McDaniels I* was addressed to and received by the Clerk's Office in Spartanburg and that Petitioner has not submitted any other § 2254 petitions. The petition in this case, like the one in *McDaniels I*, asks the court to vacate Petitioner's conviction and sentence and order his immediate release. *Id*. at 14.

II. Discussion

　　A.　Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

　　B.　Analysis

The present § 2254 petition is subject to dismissal because it is duplicative of the petition in *McDaniels I*. The court will not entertain two separate, identical lawsuits filed

by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy.

As the Fifth Circuit Court of Appeals commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

A report and recommendation has been entered on the merits of the petition in *McDaniels I*. It was determined in that report that Petitioner had not fully exhaust his state remedies before filing his § 2254 petition. *McDaniels I* at Entry #10. Petitioner provides no information in this case that disputes that finding; however, to the extent that he might possess such information, he has full opportunity to litigate his claims within the appropriate confines of applicable court procedures in *McDaniels I*. In fact, it is noted that Petitioner filed objections to the report and recommendation in the pending case approximately one week after he filed this case, and he appears to be actively litigating his petition in *McDaniels I*. *McDaniels I* at Entry #12. Neither Petitioner nor the court should continue to duplicate efforts in the two separate, but virtually identical, cases.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 27, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).