IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | C.A. No. 1:12-975-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina; and | ) | |
| Warden of FCI-Williamsburg | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief under Title 28, United States Code, Section 2254. (Doc. # 1). This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Hodges recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process. (Doc. # 7). Petitioner has filed objections to the Report. (Doc. # 9).[1]

---

[1] Petitioner has also filed a motion for appointment of counsel. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, ... he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). A court may provide counsel for an indigent habeas applicant when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). The Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984) (abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989)); see generally, Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975). Pursuant to these authorities, and after careful review and consideration, the Court finds that Petitioner is not entitled to counsel in this proceeding. Accordingly, Petitioner's Motion to Appoint Counsel is **DENIED** (Doc. # 11).

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 7), petitioner's objections are **OVERRULED** (Doc. # 9); and this case is **DISMISSED** without prejudice and without issuance and service of process.

Additionally, the Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten

May 24, 2012  **TERRY L. WOOTEN**
Florence, SC  **UNITED STATES DISTRICT JUDGE**