IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin W. McDaniels,<br><br>  PETITIONER,<br><br>    v.<br><br>State of South Carolina; and Warden of FCI-Williamsburg,<br><br>  RESPONDENTS. | C/A No. 1:12-cv-00975-TLW<br><br>**ORDER** |

Petitioner Kevin W. McDaniel ("Petitioner") filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 on April 9, 2012. (ECF No. 1.) By Order dated May 24, 2012, this Court accepted United States Magistrate Judge Shiva V. Hodges's Report and Recommendation (ECF No. 7) and denied Petitioner's § 2254 petition. (ECF No. 12.) This case now comes before the Court on Petitioner's "Motion to Reconsider Case Based Upon 'Extraordinary Circumstances' and Fundamental Miscarriage of Justice." (ECF No. 30.) In the motion, Petitioner seeks reconsideration of this Court's May 2012 Order denying habeas relief.

Parties who seek reconsideration of an adverse judgment may file either a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). The Court has considered Petitioner's motion and, as discussed below, concludes that (1) Petitioner fails to state sufficient grounds to alter or amend the judgment under Rule 59(e), and (2) Petitioner fails to show a sufficient basis for relief of judgment pursuant to Rule 60(b).

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. Fed R. Civ. P. 59. The Fourth Circuit has recognized three grounds for which a motion

1

to reconsider under Rule 59(e) may be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59 motions require careful consideration, and the Fourth Circuit has admonished that "[i]t is an extraordinary remedy that should be applied sparingly." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005). In his motion, Petitioner fails to show any intervening change in controlling law, account for any new evidence, or show clear error of law or manifest injustice. The Court has carefully reviewed his motion and concludes that, even if the motion was not time-barred, Petitioner has not set forth sufficient grounds to alter or amend the prior Order pursuant Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a litigant to move for relief from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Petitioner alleges he is entitled to relief based on broad assertions of manifest injustice, extraordinary circumstances, and new evidence. His claims and vague factual allegations in support of those claims do not present sufficient evidence in support of any Rule 60(b) factor for which the Court may grant relief. Thus, the Court concludes that, even if this motion was not time-barred under Rule 60, Petitioner

fails to set forth a sufficient basis to be relieved of the Order under Rule 60(b).

For the reasons stated, the Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Therefore, Petitioner's motion for reconsideration (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED**.

                                              *s/ Terry L. Wooten*
                                              Terry L. Wooten
                                              Chief United States District Judge

February 3, 2016
Columbia, South Carolina